**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

NEW PA PROJECT EDUCATION FUND, : No. 112 MM 2024
NAACP PENNSYLVANIA STATE :
CONFERENCE, COMMON CAUSE :
PENNSYLVANIA, LEAGUE OF WOMEN :
VOTERS OF PENNSYLVANIA, BLACK :
POLITICAL EMPOWERMENT PROJECT, :
POWER INTERFAITH, MAKE THE ROAD :
PENNSYLVANIA, ONE PA ACTIVISTS :
UNITED, CASA SAN JOSE, AND :
PITTSBURGH UNITED, :
:
                Petitioners :
:
:
:
:
          v. :
:
:
:
AL SCHMIDT, IN HIS OFFICIAL CAPACITY :
AS SECRETARY OF THE :
COMMONWEALTH, AND ALL 67 COUNTY :
BOARDS OF ELECTIONS (ADAMS :
COUNTY BOARD OF ELECTIONS; :
ALLEGHENY COUNTY BOARD OF :
ELECTIONS; ARMSTRONG COUNTY :
BOARD OF ELECTIONS; BEAVER :
COUNTY BOARD OF ELECTIONS; :
BEDFORD COUNTY BOARD OF :
ELECTIONS; BERKS COUNTY BOARD OF :
ELECTIONS; BLAIR COUNTY BOARD OF :
ELECTIONS; BRADFORD COUNTY :
BOARD OF ELECTIONS; BUCKS COUNTY :
BOARD OF ELECTIONS; BUTLER :
COUNTY BOARD OF ELECTIONS; :
CAMBRIA COUNTY BOARD OF :
ELECTIONS; CAMERON COUNTY BOARD :
OF ELECTIONS; CARBON COUNTY :
BOARD OF ELECTIONS; CENTRE :
COUNTY BOARD OF ELECTIONS; :
CHESTER COUNTY BOARD OF :
ELECTIONS; CLARION COUNTY BOARD :
OF ELECTIONS; CLEARFIELD COUNTY :
BOARD OF ELECTIONS; CLINTON :

COUNTY BOARD OF ELECTIONS;                    :
COLUMBIA COUNTY BOARD OF                       :
ELECTIONS; CRAWFORD COUNTY                      :
BOARD OF ELECTIONS; CUMBERLAND                 :
COUNTY BOARD OF ELECTIONS;                     :
DAUPHIN COUNTY BOARD OF                         :
ELECTIONS; DELAWARE COUNTY                      :
BOARD OF ELECTIONS; ELK COUNTY                  :
BOARD OF ELECTIONS; ERIE COUNTY                 :
BOARD OF ELECTIONS; FAYETTE                     :
COUNTY BOARD OF ELECTIONS;                      :
FOREST COUNTY BOARD OF                          :
ELECTIONS; FRANKLIN COUNTY BOARD                :
OF ELECTIONS; FULTON COUNTY                     :
BOARD OF ELECTIONS; GREENE                      :
COUNTY BOARD OF ELECTIONS;                      :
HUNTINGDON COUNTY BOARD OF                      :
ELECTIONS; INDIANA COUNTY BOARD                 :
OF ELECTIONS; JEFFERSON COUNTY                  :
BOARD OF ELECTIONS; JUNIATA                     :
COUNTY BOARD OF ELECTIONS;                      :
LACKAWANNA COUNTY BOARD OF                      :
ELECTIONS; LANCASTER COUNTY                     :
BOARD OF ELECTIONS; LAWRENCE                    :
COUNTY BOARD OF ELECTIONS;                      :
LEBANON COUNTY BOARD OF                         :
ELECTIONS; LEHIGH COUNTY BOARD OF               :
ELECTIONS; LUZERNE COUNTY BOARD                 :
OF ELECTIONS; LYCOMING COUNTY                   :
BOARD OF ELECTIONS; MCKEAN                      :
COUNTY BOARD OF ELECTIONS;                      :
MERCER COUNTY BOARD OF                          :
ELECTIONS; MIFFLIN COUNTY BOARD                 :
OF ELECTIONS; MONROE COUNTY                     :
BOARD OF ELECTIONS; MONTGOMERY                  :
COUNTY BOARD OF ELECTIONS;                      :
MONTOUR COUNTY BOARD OF                         :
ELECTIONS; NORTHAMPTON COUNTY                   :
BOARD OF ELECTIONS;                             :
NORTHUMBERLAND COUNTY BOARD OF                  :
ELECTIONS; PERRY COUNTY BOARD OF                :
ELECTIONS; PHILADELPHIA COUNTY                  :
BOARD OF ELECTIONS; PIKE COUNTY                 :
BOARD OF ELECTIONS; POTTER                      :
COUNTY BOARD OF ELECTIONS;                      :
SCHUYLKILL COUNTY BOARD OF                      :

ELECTIONS; SNYDER COUNTY BOARD :
OF ELECTIONS; SOMERSET COUNTY :
BOARD OF ELECTIONS; SULLIVAN :
COUNTY BOARD OF ELECTIONS; :
SUSQUEHANNA COUNTY BOARD OF :
ELECTIONS; TIOGA COUNTY BOARD OF :
ELECTIONS; UNION COUNTY BOARD OF :
ELECTIONS; VENANGO COUNTY BOARD :
OF ELECTIONS; WARREN COUNTY :
BOARD OF ELECTIONS; WASHINGTON :
COUNTY BOARD OF ELECTIONS; WAYNE :
COUNTY BOARD OF ELECTIONS; :
WESTMORELAND COUNTY BOARD OF :
ELECTIONS; WYOMING COUNTY BOARD :
OF ELECTIONS; AND YORK COUNTY :
BOARD OF ELECTIONS), :
  :
        Respondents :

**DISSENTING STATEMENT**

**CHIEF JUSTICE TODD**                **FILED:  October 5, 2024**

I respectfully dissent from the majority's decision not to exercise our Court's King's Bench power in this matter.  In my view, it is imperative that we exercise our King's Bench power and decide this matter now.  The issue before us is of grave importance:  whether invalidation of a voter's absentee or mail-in ballot – which is timely received, but lacks a handwritten date, or has an incorrect date, on the ballot return envelope – violates the Free and Equal Elections Clause of our Constitution.[1]  Our county boards of elections, the Secretary of State, the courts of this Commonwealth who are tasked with adjudicating election matters in the first instance, and the voters themselves need clarity on this issue

_____

[1]  This provision states: "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."  Pa. Const. art. 1, § 5.

prior to Election Day when ballots will be canvassed. We ought to resolve this important constitutional question now, before ballots may be improperly rejected and voters disenfranchised.[2]

Our Court's King's Bench authority[3] is to be used sparingly, but we will invoke it when necessary to "review an issue of public importance that requires timely intervention by [our Court] to avoid the deleterious effects arising from delays incident to the ordinary

---

[2] In his concurring statement, Justice Brobson discounts the existence of uncertainty over the constitutional question presented, but disregards two facts. First, our Court has never adjudicated the present constitutional question. In *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), we held, *as a matter of statutory interpretation*, that the Election Code requires a voter to supply a date on the ballot return envelope. *Id.* at 23 (holding that county boards of election have authority under the Code to evaluate whether the date "fall[s] within the date ranges derived from statutes indicating when it is possible to send out mail-in and absentee ballots."). We did not address the constitutional claim now raised by Petitioners. Notably, however, three Justices of an evenly divided Court, in discussing whether these requirements violated the "materiality" provision of the Federal Voting Rights Act, 52 U.S.C. § 10101(a)(2)(B), suggested that the "failure to comply with the date requirement would not compel the discarding of votes in light of the Free and Equal Elections Clause, and our attendant jurisprudence that ambiguities are resolved in a way that will enfranchise, rather than disenfranchise, the electors of this Commonwealth." *Id*. at 27 n.156.

Second, very recently, the Commonwealth Court found in favor of challengers raising the identical constitutional question Petitioners present herein. *See Black Political Empowerment Project v. Schmidt*, 2024 WL 4002321, *1 (Pa. Cmwlth filed Aug. 30, 2024) (unpublished memorandum) ("[T]he dating provisions serve no compelling government interest. The refusal to count undated or incorrectly dated but timely mail ballots submitted by otherwise eligible voters because of meaningless and inconsequential paperwork errors violates the fundamental right to vote recognized in the free and equal elections clause."). We vacated that decision on jurisdictional grounds, without addressing the merits of the constitutional question. *Black Political Empowerment Project v. Schmidt*, 2024 WL 4181592 (Pa. filed Sept. 13, 2024) (order).

In my view, these cases amply demonstrate continued uncertainty in this area of the law.

[3] 42 Pa.C.S. § 502 (codifying our King's Bench power "to minister justice to all persons and to exercise the powers of the court, as fully and amply, to all intents and purposes, as the justices of the Court of King's Bench, Common Pleas and Exchequer, at Westminster, or any of them, could or might do on May 22, 1722.").

process of law." *Commonwealth v. Williams*, 129 A.3d 1199, 1206 (Pa. 2015). Further, when an issue broadly and significantly impacts the public, and fuels widespread concern for the issue's expeditious resolution, that weighs heavily in favor of our exercise of this power. *See, e.g., Friends of Danny Devito v. Wolf*, 227 A.3d 872 (Pa. 2020).

Here, the issue concerns the fundamental right to vote, a matter of the utmost importance to every Pennsylvanian. There are potentially substantial deleterious consequences of leaving this issue unresolved at present, because of the possibility it will result in the disenfranchisement of voters who have timely returned their ballots, but who failed to date, or provided an erroneous date, on the return envelope. Moreover, post-election challenges by voters whose ballots have been rejected on this basis have the potential to disrupt the orderly administration of the electoral process.

While I recognize time is short, and that resolving constitutional questions is delicate and difficult, our Court has considered such questions in the past and rendered comprehensive resolutions expeditiously, and we are eminently capable of doing so in this instance. Where, as here, the issue concerns the fundamental right to vote, and where the consequences of inaction risk undermining the electoral process, I deem it imperative to act now.